IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Finn, | C/A No.: 3:24-3322-JDA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Cornerstone Building Brands, | |
| Defendant. | |

Matthew Finn ("Plaintiff"), proceeding pro se, sues his former employer Cornerstone Building Brands ("Defendant"), primarily alleging it discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), based on his Irish national origin. He also references claims concerning discrimination based on age and disability. Defendant seeks dismissal.

This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 26]. Defendant's motion having been fully briefed [ECF Nos. 28, 29], the matter is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendant's motion to dismiss, dismissing the complaint without prejudice.

I.     Factual and Procedural Background

On June 28, 2021, Plaintiff filed a charge of discrimination ("First Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging in full as follows:

> I began my employment with Plygem/Cornerstone in December 2017. I accepted a position out of Charlotte, North Carolina in December 2019. In March 2020 I was referred to as 'Drunken Mick' throughout the day by Chris Lindner, Regional Sales Manager, at the ABC Trade Show in Savanna, GA. I told him to stop calling me that. On April 21, 2020 I got call from Anita Freeman of Human Resources and my manager, John Maute. I was informed I was being let go because of COVID. They said I could apply for a position if one was advertised. I was singled out to sign a non-compete agreement . I have since applied for many open positions without being hired. I have been told that I am not eligible for rehire, and that I would not be hired because they didn't want my type. It is my understanding that Plygem told the insurance company, Wageworks, that I voluntarily left the company.
>
> I believe I have been discriminated against based on age, 54, in violation of the Age Discrimination in Employment Act of 1967, as amended, and based on national origin, Irish, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[ECF No. 20-2].[1]

Thereafter the EEOC issued a file closure notice and a right to sue letter on March 25, 2022. [ECF No. 20-4]. The parties do not dispute that Plaintiff failed to file suit to pursue the claims in his First Charge within the subsequent ninety-day period required.

On July 1, 2022, Plaintiff filed another EEOC Charge ("Second Charge") restating many of his claims from his First Charge and claiming Cornerstone had retaliated against him by not rehiring him. [ECF No 20-5]. The EEOC issued a file closure notice and right to sue letter on March 27, 2024. [ECF No. 20-6]. Plaintiff subsequently filed a motion to reconsider with

---

[1] "On a motion to dismiss courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550 (D.S.C. 2008) (citations and emphasis omitted); *see also Martineau v. Wier*, C/A No. 3:16-2650-SAL, 2020 WL 5757520, at *3 (D.S.C. Sept. 9, 2020) ("A court may also consider documents attached to a defendant's motion to dismiss if the document is integral to and explicitly relied on in the complaint, provided the plaintiff does not challenge the authenticity of the document."). Also, "[i]n the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme." *Pierce v. Office Depot, Inc.*, C/A No. 0:13-3601-MGL, 2014 WL 6473630, at *5 (D.S.C. Nov. 18, 2014) (citing *Williams v. 1199 Seiu United Healthcare Workers East*, C/A No. 12-72, 2012 WL 2923164 at * 1 n. 1 (D. Md. July 17, 2012)); *see also Adams v. 3D Sys., Inc.*, C/A No. 019-00663-JMC-KDW, 2019 WL 8754875, at *2 (D.S.C. Nov. 26, 2019), report and recommendation adopted, C/A No. 0:19-00663-JMC, 2020 WL 1527056 (D.S.C. Mar. 31, 2020) (same).

3

the EEOC, which was granted. [ECF No. 20-7]. In the Notice of Intent to Reconsider, the EEOC told Plaintiff "[t]his notice vacates the Determination and Notice of Rights letter and shall revoke the Charging Party's right to bring suit." *Id.* Plaintiff filed the instant lawsuit on June 3, 2024. [ECF No. 1].

II. Discussion

    A.    Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be based. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

4

S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To bring claim in federal court for violation of Title II, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), Plaintiff must first exhaust these claims. *See, e.g.*, 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(a) (ADA adopts procedures set forth in § 2000e-5(e)); *Smith v. First Union Nat's. Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("Before filing suit under Title VII a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC"); *Walton v. Harker*, No. 21-1041, 2022 WL 1257128, at *4 (4th Cir. Apr. 28, 2022) ("It is well settled that before filing suit under . . . the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC.") (citing 29 U.S.C. § 633a(d)).[2]

Here, the EEOC revoked Plaintiff's right to sue letter before he filed this instant action, depriving the court of its jurisdiction to hear the case. The EEOC issued its file closing notice for Plaintiff's Second Charge, which is the purported basis for this action, on March 27, 2024, and issued him a right to sue letter. Thereafter, Plaintiff filed a motion asking the EEOC to reconsider its ruling and reopen his case. The EEOC granted his motion and issued a

---

[2] In Plaintiff's First and Second Charge and his complaint, he refers to Title VII, the ADA, and the ADEA. [*See* ECF No. 20-2 (Title VII and ADEA), ECF No. 20-5 (Title VII and ADEA), ECF No. 1 at 3 (Title VII and ADA)].

Notice of Reconsideration on May 13, 2024. In the Notice of Intent to Reconsider, the EEOC informed Plaintiff "[t]his notice vacates the Determination and Notice of Rights letter and shall revoke the Charging Party's right to bring suit." Plaintiff then filed this lawsuit on June 3, 2024.

> Applicable regulations provide as follows:
>
> The Commission may on its own initiative reconsider a final determination of no reasonable cause and a director of the issuing office may, on his or her own initiative, reconsider a final determination of no reasonable cause. If the Commission or the director of the issuing office decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the determination and shall revoke the charging party's right to bring suit within 90 days.

29 C.F.R. § 1601.19(b).

> As explained by the Eleventh Circuit:
>
> A regulation permits the Commission to reconsider a decision to dismiss a charge, 29 C.F.R. § 1601.19(b), but the effect of that decision on the timing for filing a civil action depends on when the Commission issues its notice of intent to reconsider. If the Commission issues a notice of intent to reconsider "within 90 days of [the charging party's] receipt of the final no cause determination," then the issuance of the notice "revoke[s] the charging party's right to bring suit within 90 days" so long as the charging party has not yet filed suit and has not requested and received a notice of her right to sue. Id.

*Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1340 (11th Cir. 2017).

7

Here, Plaintiff received the Notice of Intent to Reconsider on May 13, 2024 [ECF No. 20-7], within ninety days of the EEOC's determination on March 27, 2024 [ECF No. 20-6], and before he filed this lawsuit on June 3, 2024 [ECF No. 1]. As a result, Plaintiff's right to prosecute his claims in federal court was revoked on May 13, 2024.

There is very little case law addressing this specific issue. However, as cited by Defendant, in *Nguyen v. Boeing Co.*, the court was presented with the same situation and dismissed the plaintiff's case. *Nguyen v. Boeing Co.*, No. C15-793RAJ, 2015 WL 8213133, at *3 (W.D. Wash. Dec. 8, 2015). The plaintiff in *Nguyen*, like here, filed suit after the EEOC revoked her right to sue in a notice of reconsideration, prior to the filing of the lawsuit. *See id.* The court determined that, pursuant to 29 C.F.R. §1619(b), her right to bring suit was revoked the day the notice of intent to reconsider was issued and granted defendant's motion to dismiss for lack of subject matter jurisdiction. *Id.* at *3.

In response, Plaintiff informs the court that he filed the instant case not knowing "the EEOC was reviewing more in-depth documents and information that I highlighted to them," also noting that "[i]f the court has no jurisdiction to hear the case[,] I understand as I filed not knowing EEOC was doing further investigation." [ECF No. 28].

Based on the above, the undersigned recommends the district judge grant Defendant's motion to dismiss based on a lack of jurisdiction,

8

dismissing Plaintiff's claims without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").[3]

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion to dismiss without prejudice to refile. [ECF No. 20].

IT IS SO RECOMMENDED.

September 19, 2024                              Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Given the recommendation above, it is unnecessary to address Defendant's additional arguments for dismissal, including that some of Plaintiff's claims are time-barred and that "Plaintiff's complaint is replete with cursory claims, unsupported by factual allegations that are necessary to sustain a cause of action at the motion to dismiss stage." [ECF No. 20-1 at 1].

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).